IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**DAVID EDWARD McLAUGHLIN,**  )
                              )
            Petitioner,  )
                              )
v.                            )  Case No. CIV 21-279-RAW-KEW
                              )
**ATTORNEY GENERAL OF**           )
**OKLAHOMA and LeFLORE**          )
**COUNTY SHERIFF,**[1]            )
                              )
            Respondent.  )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as time-barred and/or as a partially unexhausted mixed petition (Dkt. 9). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in LeFlore County District Court Case No. CF-2009-340 for Burglary in the Second Degree, After Former Conviction of Nine Felonies (Count 1), and Unlawful Use of Police Scanner, After Former Conviction of Nine Felonies (Count 2). He raises three grounds for relief:

    I.    Violation of Article III(a) of the Interstate Agreement on Detainers Act (IADA).

---

[1] Respondent Oklahoma Attorney General asserts Petitioner is challenging his future custody for the LeFlore County convictions, and he currently is in the custody of the LeFlore County Sheriff's Office. Petitioner presently is serving his sentence from Garland County, Arkansas, Case No. 2011-352 IV (Dkts. 10 at 6 n.1; 10-1). According to the Judgment and Sentence filed on September 28, 2017, Petitioner's sentences in LeFlore County were ordered to run "consecutive to Garland County, Arkansas, Case No. 2011-352 IV" (Dkt. 10-2), meaning Petitioner will serve his Oklahoma sentences after he completes his Arkansas sentence. Therefore, the proper Respondents are the Attorney General of Oklahoma and the LeFlore County Sheriff. *See* Rule 2(b), Rules Governing 2254 Cases ("Future Custody; Naming the Respondents and Specifying the Judgment. If the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."). Therefore, the Court substitutes as Respondents the Attorney General of Oklahoma and the LeFlore County Sheriff. The Court Clerk is directed to enter the substitution on the docket sheet for this case.

    II.      Violation of Article IV(c) of the IADA.

    III.     Ineffective assistance of counsel.

(Dkt. 1 at 5-7).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA), and Grounds I and II of the petition are unexhausted (Dkt. 10).

The record shows that on January 26, 2015, Petitioner entered blind pleas of nolo contendere in LeFlore County District Court Case No. CF-2009-340 to Burglary in the Second Degree, After Former Conviction of Nine Felonies (Count 1), and Unlawful Use of Police Scanner, After Former Conviction of Nine Felonies (Count 2). The State dismissed Count 3, Unlawful Use of a Police Radio, a misdemeanor. *McLaughlin v. State*, No. C-2017-104 (Okla. Crim. App. Aug. 31, 2017 (Dkts. 10-3 at 5; 10-4 at 9; 10-5 at 1). On March 9, 2015, Petitioner was sentenced to concurrent life sentences for Counts 1 and 2, plus a $1,000 fine for Count 3, to be served consecutively to Garland County, Arkansas, Case No. 2011-353 IV (Dkt. 10-3 at 5). Petitioner's Judgment and Sentence was entered on that same date (Dkt. 10-4 at 11).

On September 28, 2017, an Amended Judgment and Sentence without the sentence for Count 3, which had been dismissed, was entered (Dkt. 10-2).[2]

The following dates are pertinent to the motion to dismiss:

**MARCH 9, 2015:** Petitioner was convicted and sentenced pursuant to his pleas of nolo contendere to Counts 1 and 2 in LeFlore County District Court Case No. CF-2009-340. The State dismissed Count 3, Unlawful Use of a

---

[2] Petitioner's original Judgment and Sentence included an additional one year of imprisonment, and a $1,000.00 fine for Count 3 (Dkt. 10-5 at 1). This erroneous portion of Petitioner's sentence was removed in the Amended Judgment and Sentence on September 28, 2017 (Dkt. 10-2).

Police Radio, a misdemeanor. *McLaughlin v. State*, No. C-2017-104 (Okla. Crim. App. Aug. 31, 2017 (Dkts. 10-3 at 5; 10-4 at 9; 10-5 at 1). On the same date, the Judgment and Sentence was entered, and Petitioner filed a Notice of Intent to Appeal and a Designation of Record (Dkt 10-4 at 11).

**MARCH 17, 2015:** Petitioner filed an Application to Withdraw Plea of Guilty in LeFlore County District Court Case No. CF-2009- 340 (Dkt. 10-4 at 11).

**APRIL 27, 2015:** The Oklahoma Court of Criminal Appeals (OCCA) dismissed Petitioner's appeal filed on March 9, 2015, for failure to file a Notice of Intent to Appeal and Designation of Record within ten days of his Application to Withdraw Plea of Guilty, as required by Rule 4.2(D), Rules of the Oklahoma court of Criminal Appeals, Title 22, Ch. 18 App. (2015). *McLaughlin v. State*, No. C-2015-708 (Okla. Crim. App. Aug. 27, 2015) (Dkt. 10-6 at 1).

**NOVEMBER 14, 2016:** Petitioner filed a Petition for an Out of Time Appeal with the OCCA in Case No. PC-2016-1033, arguing that his Notice of Intent to Appeal was untimely filed through no fault of his own. *See* Oklahoma State Courts Network (OSCN) at http://www.oscn.net.[3]

**JANUARY 6, 2017:** The OCCA granted Petitioner's request for a certiorari appeal out of time in Case No. PC-2016-1033. *See* OSCN.

**JUNE 21, 2017:** Petitioner filed a brief with the OCCA in Case No. C-2017-104, asking that his case be remanded to the district court for a new hearing (Dkt 10-3).

**AUGUST 31, 2017:** The OCCA affirmed in part the Judgment and Sentence of Petitioner's case, but reversed as to his conviction and sentence for Count 3 in Case No. C-2017-104 (Dkt. 10-5). The case was remanded to the district court, with instructions to amend the Judgment and Sentence. *Id.* Petitioner's 90-day period to file a petition with the United States Supreme Court began to run.

**NOVEMBER 13, 2017:** Petitioner's first petition for a writ of habeas corpus was transferred to this court from the United States District Court for the Eastern District of Arkansas in Case No. CIV 18-290-JHP-KEW (Dkt. 10-8).

**NOVEMBER 29, 2017:** Petitioner's 90-day period to file a petition with the United States Supreme Court regarding his Judgment and Sentence expired.

**NOVEMBER 30, 2017:** Petitioner's one year statute of limitations period to

---

[3] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

3

file a petition for writ of habeas corpus began to run.

**NOVEMBER 16, 2018:** Petitioner filed his Second Amended Petition for a Writ of Habeas Corpus in this Court's Case No. CIV 18-290-JHP-KEW, raising the same three grounds he now is pursuing in the present habeas petition (Dkt. 10-9).

**NOVEMBER 30, 2018:** Petitioner's one year statute of limitations period to file a petition for writ of habeas corpus expired under AEDPA.

**SEPTEMBER 11, 2019:** This Court found in Case No. CIV 18-290-JHP-KEW that Grounds II and III of Petitioner's habeas petition were not properly exhausted in state court (Dkt. 10-12). Petitioner was directed to "advise the Court of his intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading." *Id.*

**OCTOBER 4, 2019:** Petitioner filed a Motion to Dismiss with Prejudice in Case No. CIV 18-290-JHP-RAW (Dkt. 10-13).

**OCTOBER 22, 2019:** The court granted petitioner's motion, but dismissed his case without prejudice (Dkt. 10-14).

**NOVEMBER 18, 2019:** Petitioner filed an Application for Post-Conviction Relief in LeFlore County District Court Case No. CF-2009-340, raising a claim of violation of Article IV of the IADA and a claim of ineffective assistance of counsel (Dkt. 10-15).

**DECEMBER 12, 2019:** The District Court of LeFlore County denied Petitioner's application (Dkt. 10-16 at 1).

**APRIL 12, 2021:** Petitioner filed a Request for Extraordinary Writ for Out-of-Time Appeal with the OCCA, seeking to appeal the district court's denial of his post-conviction application (Dkt. 10-16 at 1).

**JULY 23, 2021:** The OCCA declined jurisdiction of Petitioner's Request for Extraordinary Writ for Out-of-Time Appeal and dismissed the matter, because he had failed to file with the OCCA a Petition in Error and Brief in Support within sixty days from the filing date of the district court's order (Dkt. 10-16). In it Order Declining Jurisdiction, the OCCA held that, "if [Petitioner] feels he has been denied a post-conviction appeal through no fault of his own, he may seek the appropriate relief with the district court." *Id.* at 5.

**SEPTEMBER 15, 2021:** Petitioner filed the present habeas petition (Dkt. 1).

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

4

>The limitation period shall run from the latest of--
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner had 90 days to seek certiorari with the United States Supreme Court before his convictions became final. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). Under 28 U.S.C. § 2244(d)(1), he had one year from the date on which his convictions became final by the expiration of time for seeking direct review to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). His conviction, therefore, became final on November 29, 2017, ninety (90) days after his conviction was affirmed in part on August 31, 2017 (Dkt. 10-5). The statute of limitations began to run on the following day, November 30, 2017, and it expired on November 30, 2018. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the one-year statute of limitations begins to run the day after the judgment and sentence is final); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date

of the relevant act.").

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). In this case, Petitioner failed to file any applications for post-conviction relief between November 30, 2017, and November 30, 2018 (Dkt. 10-4), so there is no statutory tolling. Further, the pendency of Petitioner's first habeas action did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2), even though it was filed within the statutory year. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

Petitioner fails to allege or argue equitable tolling. He carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to equitable tolling.

After careful review, the Court concludes that Petitioner's petition for a writ of habeas corpus is time barred. Because the petition should be dismissed as untimely, the Court does not reach Respondent's argument concerning Petitioner's alleged failure to exhaust his state remedies.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

    **ACCORDINGLY,**

1. The Attorney General of Oklahoma and the LeFlore County Sheriff are substituted as Respondents.
2. Respondent's motion to dismiss petition (Dkt. 9) is GRANTED.
3. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of August 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma