IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVID EDWARD McLAUGHLIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 21-279-RAW-DES |
| ) | |
| **ATTORNEY GENERAL OF** ) | |
| **OKLAHOMA and LeFLORE** ) | |
| **COUNTY SHERIFF,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 2, 2022, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations, and judgment was entered. (Dkts. 15, 16). On August 31, 2022, more than 28 days later, Petitioner filed a motion to alter or amend the judgment, presumably pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Dkt. 17). He is challenging the Court's calculation of the limitation period (Dkt. 17).

Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. While Petitioner seems to indicate his motion was submitted on August 24, 2022 (Dkt. 17), the Court finds he has failed to properly demonstrate that it actually was filed on that date. Pursuant to Rule 3(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*, a petitioner may invoke the "prison mailbox rule" as follows:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner has

failed to affirm his filing date by either of these methods, therefore, the prison mailbox rule does not apply. Because Petitioner missed the deadline for filing a Rule 59(e) motion, the motion will be analyzed under Rule 60(b) of the Federal Rules of Civil Procedure:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under this rule must show the existence of "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted).

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). Furthermore, "[i]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v. Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted).

Because Petitioner filed his Rule 60(b) motion in the context of a habeas proceeding, the

Court must determine whether the motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." 464 F.3d at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id.* at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216. After careful review, the Court finds Petitioner's claim that the Court erroneously found his claims were barred by the statute of limitations constitutes a "true" Rule 60(b) motion.

Petitioner argues in his motion that his habeas petition was timely under 28 U.S.C. § 2244(d), because his previous federal habeas application "should not have been counted toward any period of limitation" (Dkt. 17). In this Court's Opinion and Order entered on August 2, 2022, the Court expressly stated that "the pendency of Petitioner's first habeas action did not toll the statute of

3

limitations under 28 U.S.C. § 2244(d)(2), even though it was filed within the statutory year" (Dkt. 15 at 6) (citing *York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003); *Duncan v. Walker*, 533 U.S. 167, 172-82 (2001)).  Consequently, Petitioner's claim is legally unsupported and incorrect, and he has failed to present the kind of "exceptional circumstances" required under Rule 60(b).  *See Gonzalez*, 545 U.S. at 535-36.  The Court, therefore, finds he has failed to demonstrate he is entitled to relief under Rule 60(b).

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY**, Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Dkt. 17) is DENIED, and he is denied a certificate of appealability.

**IT IS SO ORDERED** this 14th day of August 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA